| | | |
|---|---|---|
| LEJANDRA D. HERMAN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 3:04-CR-131 |
| | ) | 3:07-CV-304 |
| UNITED STATES OF AMERICA | ) | (VARLAN/SHIRLEY) |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM

This is a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 filed by petitioner LeJandra D. Herman ("Herman"). The government moves to dismiss the § 2255 motion as time-barred. For the following reasons, the government's motion to dismiss [Doc. 124] will be **GRANTED**, the § 2255 motion will be **DENIED** as time-barred, and this action will be **DISMISSED**.

Herman pleaded guilty to conspiracy to distribute and possess with intent to distribute five kilograms or more of a mixture and substance containing a detectable amount of cocaine hydrochloride, in violation of 21 U.S.C. §§ 841(a)(1) and 846. By judgment entered May 4, 2006, he was sentenced to a term of imprisonment of 300 months. [Criminal Action No. 3:04-cr-131, Doc. 102, Judgment]. Herman did not appeal his conviction or sentence. He filed his § 2255 motion on August 6, 2007. [*Id.*, Doc. 117].

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), § 2255 provides for a one-year statute of limitation within which to file a motion to vacate

sentence. The limitation period generally runs from the date on which the judgment of conviction becomes final. In the event a petitioner does not file a direct appeal, the statute of limitation commences when the time for filing a direct appeal has elapsed. *Sanchez-Castellano v. United States*, 358 F.3d 424 (6th Cir. 2004) ("[A]n unappealed federal criminal judgment becomes final ten days after it is entered, for purposes of the § 2255 statute of limitations, at least where there has been no district court extension of appeal time for good cause or excusable neglect.").

As noted, Herman's judgment of conviction was entered May 4, 2006. He thus had until May 18, 2006, to file his notice of appeal. Accordingly, Herman had until May 18, 2007, to file his § 2255 motion. Because Herman did not file his § 2255 motion until August 6, 2007, the government moves to dismiss the § 2255 motion as time-barred.

In response to the motion to dismiss, Herman acknowledges that his § 2255 motion was not filed within the one-year statute of limitation. He contends, however, that this court is not required to dismiss his motion as untimely because the one-year limitation period is not jurisdictional; Herman also contends that his motion should be allowed under the doctrine of equitable tolling and that to dismiss the motion as untimely would violate the Suspension Clause of the U.S. Constitution[1] and thus his right to due process.

---

[1] The Constitution provides that "The Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it." U.S. Const. art. 1, § 9, cl.2.

The Sixth Circuit has found that the AEDPA's one year limitation period is subject to equitable tolling because it is a statute of limitation, not a jurisdictional bar. *Dunlap v. United States*, 250 F.3d 1001, 1004-07 (6th Cir. 2001). When determining whether equitable tolling is appropriate, the court must consider the following:

> (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive notice of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Id*. at 1008. However, "[t]hese factors are not necessarily comprehensive and they are not all relevant in all cases. Ultimately, the decision whether to equitably toll a period of limitations must be decided on a case-by-case basis." *Miller v. Collins*, 305 F.3d 491, 495 (6th Cir. 2002)

Herman claims that he was not aware that his § 2255 motion had to be filed in May 2007, but rather believed he had until the middle of August 2007 to file the motion. He also contends that he has been diligent in pursuing his rights, by ordering the transcripts of his guilty plea and sentencing and by hiring counsel to represent him. Herman further argues that there is no prejudice to the government and that, as a result of his incarceration and limited access to legal authorities, his lack of knowledge was reasonable.

Herman has the burden of demonstrating that he is entitled to equitable tolling. *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004) (citations omitted). To obtain such relief, he must show "that he has been pursuing his rights diligently" and that "extraordinary circumstance stood in his way and prevented timely filing." *Lawrence v. Florida*, 549 U.S.

327, 336 (2007) (quotations omitted). In addition, "[t]he doctrine of equitable tolling is applied sparingly by federal courts," and is typically used "only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Vroman v. Brigano*, 346 F.3d 598, 604 (6th Cir. 2003) (citations and internal quotations marks omitted).

By his own admission, Herman was aware of a filing deadline. The fact that he believed the deadline did not expire until the middle of August does not entitle him to equitable tolling, nor does his limited access to legal materials. *See Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991) ("It is well-settled that ignorance of the law alone is not sufficient to warrant equitable tolling.").

The court is not impressed with Herman's contention that he diligently pursued his claims by ordering transcripts of his guilty plea and sentencing. The record indicates that Herman was delivered by the U.S. Marshals Service to FCI Manchester, in Manchester, Kentucky, on July 17, 2006, which was less than three months after his judgment of conviction. [Criminal Action No. 3:04-cr-131, Doc. 109, Execution of Judgment, p. 2]. The transcripts of his guilty plea and sentencing were not filed until June 4, 2007, and June 18, 2007, respectively, which were after the expiration of the statute of limitation. [*Id*., Doc. 112, Transcript of Guilty Plea Hearing; Doc. 115, Transcript of Sentencing Hearing].

In any event, Herman has stated that his sole ground for relief under § 2255 is counsel's failure to file an appeal after Herman's judgment of conviction was entered, despite being requested to do so:

4

> To be clear, Petitioner argues only that he was denied his Sixth Amendment right to counsel on appeal when counsel failed to file a notice of appeal. As a remedy, Petitioner asks only that this Court vacate and reinstate his sentence so that he may file a notice of appeal. The other issues are discussed in Petitioner's motion in order to demonstrate to this Court that had counsel filed a notice of appeal, meritorious issues existed for the appeal.

[*Id.*, Doc. 125, Response to motion to dismiss, p. 2]. Herman did not need the transcripts of his guilty plea and sentencing to raise this claim; he had only to file his § 2255 motion upon learning that counsel did not file a notice of appeal.

Herman stresses that his § 2255 motion was filed only a few weeks past the expiration of the deadline. That argument lacks merit. "'Absent compelling equitable considerations, a court should not extend limitations by even a single day.'" *Jurado v. Burt*, 337 F.3d 638, 643 (6th Cir. 2003) (quoting *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 561 (6th Cir. 2000)).

The court having determined that Herman is not entitled to equitable tolling, the alleged lack of prejudice to the government is not relevant. *Vroman v. Brigano*, 346 F.3d 598, 605 (6th Cir. 2003) ("absence of prejudice is a factor to be considered only after a factor that might justify tolling is identified").

With respect to Herman's argument that the one-year statute of limitation violates the Suspension Clause, that argument lacks merit. "Like every other court of appeals to address the issue, this court has held that AEDPA's one-year statute of limitations does not improperly suspend the writ of habeas corpus." *Hill v. Dailey*, 557 F.3d 437, 438 (6th Cir. 2009) (citations omitted).

5

Based upon the foregoing, Herman's motion to vacate, set aside or correct sentence will be **DENIED** as time-barred. This action will be **DISMISSED**. In addition to the above, this court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure. Herman having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253; Rule 22(b) of the Federal Rules of Appellate Procedure.

    **AN APPROPRIATE ORDER WILL ENTER.**

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE
